1

2                                                                    O

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JACK NOTTINGHAM,                  )    NO. EDCV 10-00241-CBM (MAN)
                                       )
12                  Petitioner,        )
                                       )
13        v.                           )    ORDER:   DISMISSING PETITION
                                       )
14   GARY SANDOR,                      )    WITHOUT PREJUDICE; AND DENYING
                                       )
15                  Respondent.        )    CERTIFICATE OF APPEALABILITY
     ──────────────────────────────── )
16

17        On February 17, 2010, Petitioner, a California state prisoner,

18   filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254

19   ("Petition").   The Petition raises several claims aimed at challenging

20   a parole revocation alleged to have occurred on December 30, 2009.

21   (Petition at 6-8.)   Petitioner expressly alleges that he has a

22   California Supreme Court habeas petition pending that also challenges

23   his December 30, 2009 parole revocation.   (*Id.* at 8.)

24

25        Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

26   United States District Courts, a petition for writ of habeas corpus

27   "must" be summarily dismissed "[i]f it plainly appears from the petition

28   and any attached exhibits that the petitioner is not entitled to relief

1 in the district court."   Here, Petitioner's allegations, under oath,
2 establish that his claims are unexhausted.[1]  Therefore, the Petition must
3 be dismissed without prejudice.

5     Federal courts may not grant habeas relief to a person held in
6 state custody unless the petitioner has exhausted his available state
7 court remedies as to each of the issues presented.    28 U.S.C. §
8 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203
9 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We
10 may review the merits of Petitioner's habeas petition only if he
11 exhausted state court remedies.").    "[T]he exhaustion doctrine is
12 designed to give the state courts a full and fair opportunity to resolve
13 federal constitutional claims *before* these claims are presented to the
14 federal courts." O'Sullivan v. Boeckerl, 526 U.S. 838, 845, 119 S. Ct.
15 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S.
16 27, 29, 124 S. Ct. 1347, 1349 (2004)(in order to give the State the
17 chance to pass upon and resolve violations of his federal rights, a
18 state prisoner must exhaust his available state remedies before seeking
19 federal habeas relief).  A state prisoner seeking relief with respect to
20 a California conviction is required to "fairly present" his federal
21 claims to the California Supreme Court.  *See id.* at 29, 124 S. Ct. at
22 1349 (a state prisoner must fairly present his claim to a state supreme
23 court having the power of discretionary review); Keating v. Hood, 133
24 F.3d 1240, 1242 (9th Cir. 1998).

26     [1]     The Court may raise exhaustion problems *sua sponte*.   Boyd v.
27 Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and
   County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); *see also*
28 Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675-76
   (1987).

1    Petitioner alleges that he has not appealed his parole revocation,
2  but he raised his present claims in a habeas petition filed in the trial
3  court, which was denied on January 22, 2010.    (Petition at 3-5,
4  referring to trial court case number "WHCSS1000011.")    Petitioner
5  alleges that he also raised his claims in a habeas petition filed in the
6  California Court of Appeal, Fourth Appellate District, but when asked to
7  indicate the result and date of the result, he has responded "Don't
8  know."   (*Id.* at 5.)   He alleges that he again raised his present claims
9  in a habeas petition filed in the California Supreme Court, but he has
10 left blank the portion of the petition form requiring him to state the
11 result and date of result.   (*Id.*)   In the section of the Petition form
12 requiring petitioners to identify whether they have any appeal or
13 petition pending in a state or federal court pertaining to the judgment
14 of conviction under attack, Petitioner responds "Yes" and states:    "I
15 tried to file in the California Supreme Court to meet the exhaustion
16 requirement because my parole violation is over on 5/26/10 so I don't
17 have much time I need emergency processing."   (*Id.* at 8.)

18

19    Given the Petition's incomplete allegations regarding Petitioner's
20 state habeas filings, the Court has reviewed the electronic dockets for
21 the California Court of Appeal and the California Supreme Court to check
22 for filings by Petitioner following his December 30, 2009 parole
23 revocation.[2]    The Court takes judicial notice of the fact that these
24 state dockets show that: on February 8, 2010, Petitioner filed a habeas
25 petition in the California Court of Appeal, Fourth Appellate District

26

27         [2]    Pursuant to Rule 201 of the Federal Rules of Evidence, the
   Court has taken judicial notice of the contents of the electronic
28 dockets available at http://appellatecases.courtinfo.ca.gov.

3

1  (Case No. E050185), which stems from trial court case numbers
2  WHCSS1000011 and BAF00448; that California Court of Appeal habeas
3  petition remains pending; on February 16, 2010, Petitioner filed a
4  habeas petition in the California Supreme Court (Case No. S180246); and
5  that California Supreme Court habeas petition also remains pending.

7      Thus, the public record shows that Petitioner is pursuing the
8  claims alleged in the Petition contemporaneously in both this Court and
9  two state courts.   In addition, based on his sworn allegations,
10 Petitioner has not given the state high court a chance to rule on the
11 claims alleged in the Petition.  Petitioner, therefore, has failed to
12 exhaust his available state court remedies.  Accordingly, the Petition
13 must be dismissed without prejudice.  Rose, 455 U.S. at 522, 102 S. Ct.
14 at 1205.   If Petitioner does properly exhaust his claims by fairly
15 presenting them to the California Supreme Court and receiving a ruling
16 on the claims from the state high court, he may file, following that
17 court's ruling, a *new* habeas petition in this Court.[3]

---

20      [3]    Because the Petition is fully unexhausted, the stay-and-
21 abeyance procedure may not be invoked in this case, and dismissal is
   required.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

22      The Court advises Petitioner that he must be mindful of the
23 **one-year statute of limitations for bringing federal habeas actions.**
   *See* 28 U.S.C. § 2254(d)(1).  In view of the one-year limitations period,
24 **Petitioner is cautioned that he should proceed with diligence** in his
   exhaustion efforts and in returning to federal court, should he wish to
25 pursue federal habeas relief.  **He further is advised that: the filing**
   **and pendency of this Petition does not toll the one-year limitations**
26 **period, which continues to run; and any subsequent federal habeas**
   **petition he may file will be a new and separate habeas petition, which**
27 **will not relate back to the filing date of the current Petition.**  The
   Court expresses no opinion on whether this Petition is timely or not, or
28 whether any subsequent federal petition filed by Petitioner will be
   timely or time-barred.

1   For the foregoing reasons, IT IS ORDERED that:  the Petition is
2   dismissed without prejudice; and Judgment shall be entered dismissing
3   this action without prejudice for failure to exhaust available state
4   remedies.

5

6   In addition, pursuant to Rule 11(a) of the Rules Governing Section
7   2254 Cases in the United States District Courts, the Court has
8   considered whether a certificate of appealability is warranted in this
9   case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-
10  85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a
11  certificate of appealability is unwarranted and, thus, is DENIED.

12

13  IT IS SO ORDERED.

14

15  DATED:  2/23/2010        .

16

17

18  CONSUELO B. MARSHALL
    UNITED STATES DISTRICT JUDGE

19

20

21  PRESENTED BY:

22

23  MARGARET A. NAGLE
24  UNITED STATES MAGISTRATE JUDGE

25

26

27

28

5